## Case No. 7,273.

### JENKINS v. NICOLSON PAVEMENT CO.

[1 Abb. (U. S.) 567; 4 Fish. Pat. Cas. 201; 3 Am. Law T. Rep. U. S. Cts. 177; 2 Chi. Leg. News, 405; 13 Int. Rev. Rec. 13; 2 Leg. Gaz. 413.] [1]

Circuit Court, D. California. June, 1870.[2]

---

[1] [Reported by Benjamin Vaughan Abbott, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 1 Abb. (U. S.) 567, and the statement is from 4 Fish. Pat. Cas. 201.]

[2] [Reversed in 14 Wall. (81 U. S.) 452.]

J. R. Sharpstein and H. M. Hastings, for plaintiff.

S. M. Wilson and A. P. Crittenden, for defendant.

SAWYER, Circuit Judge. This is an action to recover the royalty established by the patentee for license to lay down the pavement known as the Nicolson pavement. In 1854, Samuel Nicolson obtained letters patent for an improvement in wooden pavements. In December, 1863, he obtained a reissue of the letters patent. In December, 1864, said Samuel Nicolson executed the following assignment of an interest in said invention and letters patent to Jonathan Taylor, viz:

"Whereas, I, Samuel Nicolson, of Boston, in the state of Massachusetts, invented a certain new and useful improvement in wooden pavements, for which letters patent of the United States of America (numbered 1,584 of re-issued patents, and bearing date the first day of December, in the year 1863), have been granted to me, giving to me and my legal representatives the exclusive right of making, using and vending the said invention throughout the said United States, the original patent being dated August 8, 1853, and given for the term of fourteen years,—

"And whereas, Jonathan Taylor, of Milwaukee, in the state of Wisconsin, has agreed to purchase from me all the right, title, and interest which I have in and to the said invention, for and in the city of San Francisco, in the state of California, as secured by the said letters patent, and has paid to me the sum of $1, the receipt whereof is hereby acknowledged: Now, therefore, this indenture witnesseth, that for and in consideration of the said sum to me paid, I have assigned, sold and set over, and do hereby assign, sell, and set over unto the said Jonathan Taylor, all the right, title and interest which I have in said invention and letters patent, for and in the said city of San Francisco, but in no other place. The same to be held and enjoyed by the said Taylor, for the use and behoof of him and his legal representatives, to the full end of the term for which the said letters patent are or may be granted, as fully and effectively as the same would have been held and enjoyed by me had this assignment never been made.

"In witness whereof, I have hereunto set my signature and affixed my seal, this 1st day of December, A. D. 1864.

"Samuel Nicolson."

The patent referred to in said assignment is the same patent issued to Nicolson in 1854, erroneously referred to as issued in 1853, and reissued in 1863. Taylor, prior to August, 1868, assigned to the Nicolson Pavement Company, defendants in this suit, all his interest in said patent, acquired under said as-

signment, and the said interest was held by said defendants at the time of the commencement of this suit.

In August, 1867, said Nicolson obtained another re-issue of the said letters patent on an amended specification. Nicolson having subsequently died in January, 1868, and George T. Bigelow having been appointed his administrator, said Bigelow, in his character of administrator, in July, 1868, procured from the commissioner of patents a renewal or extension of said letters patent for seven years from August 8, 1868, in pursuance of section 18 of the act of congress of July 4, 1836 [5 Stat. 124], and the act of May 27, 1848 [9 Stat. 231]. Afterwards the plaintiff acquired, through assignment from said Bigelow as administrator, made on August 14, 1868, all his right, title, and interest in said invention and patent for the state of California. Since said August 14, 1868, the defendants, without leave or license of plaintiff, have constructed and laid down in the city of San Francisco a large amount of pavement, employing in its construction the invention for which said letters patent were issued.

The question in this case is, whether the assignment from Nicolson to Jonathan Taylor of December 1, 1864, set out in the statement of facts, vested any estate, right, title, or interest in the assignee, in or to the extended or renewed term, which was acquired by Bigelow as administrator under the act of congress, subsequent to the date of said assignment. It is quite clear that an assignment of an interest in an invention, and letters patent therefor, before the expiration of the original term, carries with it no interest in a subsequently extended term, unless it contains a specific provision to that effect. Wilson v. Rosseau, 4 How. [45 U. S.] 646; Bloomer v. McQueen, 14 How. [55 U. S.] 549; Brooks v. Bicknell [Case No. 1,945]; Phelps v. Comstock [Id. 11,075]; Clum v. Brewer [Id. 2,909]; Curt. Pat. §§ 203, 208, 209; Gibson v. Cook [Case No. 5,393]; Woodworth v. Sherman [Id. 18,019]; Hodge v. Hudson River R. Co. [Cases Nos. 6,559, 6,560].

Does the assignment in question contain any stipulation for an interest in any extended term that might be acquired by the patentee under the acts of congress? To my mind it plainly does not. The assignment recites the reissuing of a patent for an improvement in wooden pavements, in 1863; that the original patent was issued in 1853, and was "given for a term of fourteen years;" that said Jonathan Taylor had agreed to purchase all his right, title, and interest "in and to the said invention" for the city of San Francisco, in the state of California, "as secured by said letters patent," the payment of the consideration, &c., and that in consideration, &c., "I have assigned, sold and set over * * * all the right, title and interest which I have in the said invention and letters patent for and in the said city of San Francisco, but in no other place, the same to be

held and enjoyed by the said Taylor * * * to the full end of the term for which the said letters patent are or may be granted," &c. That is to say, the recitals show that the original patent had been issued for the term of fourteen years, and that before the expiration of the term there had been a re-issue of the patent; that Taylor had agreed to purchase a certain interest in said invention, "as secured by said letters patent" (the letters patent recited, and not some others that might afterwards be issued for another term, no allusion being made to any future renewal); that in consideration of the premises he has assigned, sold, and set over to the said Taylor his interest "in the said invention and letters patent,"—the letters patent thereinbefore mentioned. Thus far there is not a word that can be tortured into an allusion to any term or letters patent other than the original term of fourteen years, and the letters patent originally issued, and the reissued letters patent recited.

These form the entire subject matter of the contract. There can be no doubt as to the intention of the parties, unless certain words in the habendum clause, contrary to the ordinary rules of construction, can be construed as extending the contract to a subject matter not before embraced or referred to in the recitals or granting portions of the deed. As we have seen, the habendum clause is, "the same to be held and enjoyed * * * to the full end of the term for which the said letters patent are or may be granted." The words "may be granted" are the only ones in the whole instrument that can possibly be thought to point to an extension that might subsequently be acquired. But they must be read in connection with, and subordination to, the rest of the instrument; and this very clause refers to "the term for which the said letters patent," &c.; a single term is referred to, and the said letters patent. The reference is in terms to the term and the letters patent already mentioned. The phrase, "may be granted," seems to be an expression loosely used, and without any definite meaning in the connection in which it is found, unless it refers to other reissues of patents covering the remainder of said term. There had already been one reissue, and the facts show that a second reissue was had, for the remainder of the term after this assignment, doubtless, to cover some defect. These reissues are authorized by the act of congress, and often occur. In a certain sense, when the patents thus originally issued are surrendered and others issued in their place, the whole may be regarded as the same letters patent. They cover the same term. The reissued patent covers no improvement or extension, but is intended to rectify some error, or remedy some defect, and accomplish the identical object intended to be accomplished by the letters originally issued. In this sense they are substantially the same letters patent. In this view the words "may be granted"

may have some significance as used in this instrument, and they are satisfied by applying them to any further letters patent that might be issued for the same term and to accomplish the same objects intended by those already issued. And in this instance there was a subsequent reissue for the remainder of the term, to which they might in fact apply. But upon a view of the whole instrument, to construe them as referring to a new term, and letters patent not yet in esse, would be doing great violence to the language. I have found no authority to justify such a construction. The language in the cases of Phelps v. Comstock [Case No. 11,075], Clum v. Brewer [Id. 2,909], and Case v. Redfield [Id. 2,494], is entirely different. The last case comes the nearest to the present; but in that, the language supposed to indicate an intention to include any extension or renewal that might be granted is found in the granting clause, and there are no limiting or restrictive words pointing unmistakably to the single term then unexpired, and the letters patent granted for that term. In the assignment from Nicolson to Taylor there are no apt words to indicate an intention that an interest in any extension or renewal should pass, while on the other hand there are words of limitation constantly referring back to the term already in existence, and to the letters patent issued for that term, which had alone been mentioned in the recitals and granting clause. It is highly improbable that parties contemplating a sale of an interest in an extension, or renewal, would have adopted the language used in this assignment. I am satisfied that it was not intended to assign any interest in any extension or renewal that might afterward be acquired by the patentee. The terms of the contract are fully satisfied by an interest in the term then granted and in the letters patent already issued, and any reissued letters for the same term.

Judgment. therefore, must be entered for the plaintiff.